1  Jerry Budin, Esquire
   State Bar #88539
2  LAW OFFICE OF JERRY BUDIN
   1500 "J" Street
3  Modesto, California 95354
   Telephone  (209) 544-3030
4  Facsimile  (209) 544-3144

5  Attorney for Plaintiffs,
   JORGE VASQUEZ, RUBEN HERNANDEZ
6  individually and on behalf of
   all others similarly-situated
7
   Douglas R  Hart (State Bar #115673)
8  David B  Chidlaw (State Bar #144681)
   Geoffrey D  DeBoskey (State Bar #211557)
9  SHEPPARD, MULLIN, RICHTER & HAMPTON
   333 South Hope Street, 48th Floor
10 Los Angeles, California 90071-1448
   Telephone  (213) 620-1780
11 Facsimile  (213) 620-1398

12 Attorneys for Defendant,
   JIM AARTMAN, INC
13

14                UNITED STATES DISTRICT COURT

15              EASTERN DISTRICT OF CALIFORNIA

16 JORGE VASQUEZ,              )  CASE NO  CIV F 02-5624 AWI LJO
   individually and on behalf of )
17 all others similarly-situated, )

18            Plaintiffs,        )
                                 )
19 vs                           )
                                 )
20 JIM AARTMAN, INC ,           )
                                 )
21            Defendant         )
   _____)
22 RUBEN HERNANDEZ,            )  CASE NO  CIV F 03-5600 AWI LJO
   individually and on behalf of )
   all others similarly-situated, )  [AMENDED PROPOSED] FINDINGS AND
23                             )  RECOMMENDATIONS ON PRELIMINARY
            Plaintiffs,        )  APPROVAL OF STIPULATION AND
24                             )  SETTLEMENT AGREEMENT, EXHIBITS
   vs                           )  A-C
25                             )
   JIM AARTMAN, INC ,           )
26                             )
            Defendant         )
27 _____)

28 ///

---

[PROPOSED] FINDINGS AND RECOMMENDATIONS ON PRELIMINARY        CASE NO  CIV F 02-5624 AWI LJO
APPROVAL OF STIPULATION AND SETTLEMENT AGREEMENT              CASE NO  CIV F 03-5600 AWI LJO
                                    1

1    Pursuant to the parties' Joint Notice of Motion filed on April
2  8, 2005, the parties in these two consolidated class actions have
3  reached a proposed settlement and seek preliminary approval of the
4  proposed Stipulation and Settlement Agreement, the Notice of
5  Proposed Class Action Settlement and Fairness Hearing and the Claim
6  Form/FLSA Consent Form

7    The motion came on for hearing on April 15, 2005 at 8 30 a m
8  in Department 6 of this court   Plaintiffs, individually and on
9  behalf of all others similarly situated (collectively
10  "plaintiffs"), appeared by telephone by class counsel Jerry Budin,
11  Law Office of Jerry Budin   Defendant Jim Aartman, Inc ("Aartman")
12  appeared by telephone by counsel Geoffrey DeBoskey and David
13  Chidlaw, Sheppard, Mullin, Richter & Hampton   Jack Beebe, Green &
14  Azevedo, appeared by telephone on the limited issue of the lien
15  Having considered the parties' Joint Notice and Motion, the
16  Stipulation And Settlement Agreement, and the Exhibits attached
17  thereto, the Court issues the following Findings and
18  Recommendations

19    1    This Order incorporates by reference the definitions in
20  the Stipulation And Settlement Agreement thereto, and all terms
21  defined therein shall have the same meaning in this Order as set
22  forth therein   The Stipulation And Settlement Agreement are
23  attached hereto as Exhibit "A "

24    2    The Court hereby preliminarily approves the attached
25  Settlement Agreement   The Court preliminarily finds that the Class
26  members are similarly situated and meet the requirements for class
27  certification under F R C P  23   The Court further preliminarily
28  finds that the Settlement Agreement appears to be within the range

---

of reasonableness of a settlement that could ultimately be given
final approval by this court    It appears to the Court that the
Settlement Agreement is fair, adequate and reasonable as to all
potential Class Members, when balanced against the probable outcome
of further litigation    It further appears that counsel for the
Parties at this time are reasonably able to evaluate their
respective positions    It further appears to the Court that
settlement at this time will avoid substantial additional costs to
all Parties, as well as the delay and risks that would be presented
by further prosecution of these Actions    Additionally, it appears
that the proposed Settlement Agreement was reached as a result of
intensive, non-collusive, arms-length negotiations

3    A hearing ("Fairness Hearing") shall be held before this
Court on July 27 at 8 15 a m   in Courtroom 6 in the United States
District Court for the Eastern District of California, located at
1130 "O" Street, Fresno, California, to determine all necessary
matters concerning the settlement, including  whether the proposed
settlement of the Actions on the terms and conditions provided is
fair, adequate, and reasonable, and should be finally approved by
the Court, whether the cases should be dismissed with prejudice
pursuant to the terms of the settlement, whether the settlement
should be approved as fair, adequate, and reasonable to the Class
Members, whether the Court should finally approve enhancement
payments for Mr  Hernandez and Mr  Vasquez and the amount of
attorney fees and costs to be awarded Class Counsel, Jerry Budin

4    The Court hereby approves, as to form and content, the
proposed "Notice of Proposed Class Action Settlement and Fairness
Hearing" ("Notice," attached hereto as "Exhibit "B") and the "Claim

1  Form/FLSA Consent Form" (attached hereto as Exhibit "C")   The

2  Court finds that the distribution of the Notice substantially in

3  the manner and form set forth in the Settlement Agreement meets the

4  requirement of due process under Federal Rule of Civil Procedure

5  23(e) and 29 U S C §216(b), and that such Notice is the best

6  practicable under the circumstances, and shall constitute due and

7  sufficient notice to all persons entitled thereto

8      5   Any class member who wishes to receive a portion of the

9  settlement fund must complete and submit a properly completed Claim

10  Form, pursuant to the instructions for making a claim that are set

11  forth in the Notice, so that it is postmarked no more than sixty

12  (60) days after the date the Notices are mailed   Any class member

13  who does not submit a Claim Form will not be entitled to any

14  recovery, unless AARTMAN agrees to allow the late claim

15      6   Any class member may choose to "opt-out" of and be

16  excluded from the settlement as provided in the Notice by following

17  the instructions for requesting exclusion from the Settlement

18  Agreement that are set forth in the Notice   All requests for

19  exclusion must be submitted so that they are postmarked no more

20  than thirty (30) days after the date the Notices are mailed   Any

21  such person who chooses to "opt out" of and be excluded from the

22  class will not be entitled to receive any proceeds from this

23  settlement, and will not be bound by this settlement or have any

24  right to object, appeal, or comment thereon

25      7   Any class member who has not validly requested exclusion

26  from the class may appear at the Fairness hearing and may object or

27  express his/her views regarding the settlement, and may present

28  evidence and file briefs or other papers, that may be proper and

1   relevant to the issues to be heard and determined by the Court, as
2   provided in the Notice   However, no class member or any other
3   person shall be heard or entitled to object, and no papers or
4   briefs submitted by any such person shall be received or considered
5   by the Court, unless the person on or before that day which is 30
6   days after the Notice is mailed has filed with the Clerk of this
7   court, and mailed by first class postage to Class Counsel (Jerry
8   Budin, Esq , Law Office of Jerry Budin, 1500 "J" Street, Modesto,
9   CA 95354) and Defendant's Counsel (Geoffrey DeBoskey, Sheppard,
10  Mullin, Richter & Hampton, 333 South Hope Street, 48th Floor, Los
11  Angeles, CA 90071)  (i) a written statement advising if the
12  individual plans to address the Court at the Fairness Hearing, (ii)
13  a written statement of the individual's objections, and (iii) any
14  other papers which the individual purposes to submit to the Court,
15  including any legal briefs or memoranda   Any such person who does
16  not make an objection in the manner provided for in this Order
17  shall be deemed to have waived such objection and shall forever be
18  foreclosed from making any objection to the settlement

19      8    In the event the Settlement Agreement does not become
20  effective in accordance with the terms of the Settlement Agreement,
21  or the Settlement Agreement is not finally approved, or is
22  terminated, canceled or fails to become effective for any reason,
23  this Order shall be rendered null and void and shall be vacated,
24  and the Parties shall revert to their respective positions as of
25  before entering into the Settlement Agreement

26      9    For purposes of effectuating this settlement, the Court
27  preliminarily certifies a settlement class composed of  All persons
28  who are now employed or have been employed by AARTMAN in the State

1  of California as a truck driver at any point between May 24, 1998
2  and January 1, 2005, for each and every annual quarter (i e
3  January 1-March 31, April 1-June 30, July 1-September 30, October
4  1-December 31) between May 24, 1998 and January 1, 2005 when the
5  person did not engage in any line-driving duties for AARTMAN

6      10   Pursuant to an unnoticed, stipulated motion heard in
7  conjunction with the Preliminary Approval hearing, the matters of
8  Vasquez   v   Aartman   and   Hernandez   v   Aartman   are   hereby
9  consolidated

10     11   The matter of the NOTICE OF CLAIM OF LIEN FOR LEGAL
11  SERVICES PROVIDED filed herein on April 13, 2005 (Doc  97) has not
12  been determined and will be adjudicated in a separate motion or
13  proceeding

14                           **CONCLUSION**

15      For the reasons stated above, this Court RECOMMENDS that the
16  District   Court   GRANT   preliminary   approval   of   the   proposed
17  Settlement Agreement, the Notice, and the Claim Form

18      These findings and recommendations are submitted to the United
19  states District Judge assigned to the case, pursuant to the
20  provisions of Title 28 U S C  §636(b)(1)  Within twenty days after
21  being served with these findings and recommendations, any party may
22  file written objections with the court and serve a copy on all
23  parties    Such document should be captioned "Objections to
24  Magistrate Judge's Findings and Recommendations "  The parties are
25  advised that failure to file objections within the specified time
26  may waive the right to appeal the District Court's order  Martinez
27  v  Ylst, 951 F 2d 1153 (9th Cir  1991)

28

1    IT IS SO ORDERED

2

3    DATED April 15, 2005

4                                                LAWRENCE J O'NEILL
                                                UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

SHEPPARD, MULLIN, RICHTER & HAMPTON llp
 A Limited Liability Partnership
 Including Professional Corporations
DOUGLAS R HART, Cal Bar No 115673
DAVID B CHIDLAW, Cal Bar No 144681
GEOFFREY D DEBOSKEY, Cal Bar No 211557
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone   213-620-1780
Facsimile   213-620-1398

Attorneys for Defendant
JIM AARTMAN, INC

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| JORGE VASQUEZ, <br><br> Plaintiff, <br><br> v <br><br> JIM AARTMAN, INC , and DOES 1 through 100, <br><br> Defendants <br> ——————————————— <br> RUBEN HERNANDEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v <br><br> JIM AARTMAN, INC and DOES 1 through 100, <br><br> Defendants | CASE NOS F-02-CV-5624 AWI (LJO), F 03-5600 AWI (LJO) <br><br> **STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS; EXHIBITS 1-3** |

This Stipulation and Settlement Agreement of Class Action

Claims ("Settlement," "Stipulation," or "Agreement") is made by Jorge

approved for payment under the terms of this Stipulation

I      PROCEDURAL HISTORY

On March 24, 2002, a Complaint was filed by Jorge Vasquez seeking overtime wages   On May 12, 2003, a Complaint was filed by Ruben Hernandez   Mr  Hernandez's complaint sought overtime wages as well as damages for alleged unlawful uniform expense deductions

II      Definition of "Plaintiffs"

On February 23, 2004, the Court certified a class defined as, "All persons who are now employed or have been employed by defendant AARTMAN in the State of California who, on or after May 24, 1999 to the time of trial, have worked as a truck driver hauling milk from dairies to creameries and or cheese factories solely within the State of California and have worked in excess of forty (40) hours per week without being paid overtime compensation by AARTMAN for those excess hours "

As part of this settlement, the parties have agreed to modify the class such that it is defined for the purpose of this settlement as follows, "All persons who are now employed or have been employed by AARTMAN in the State of California as a truck driver at any point between May 24, 1998 and January 1, 2005, for each and every annual quarter (i e  "January 1-March 31, April 1-June 30, July 1-September 30, October 1-December 31) between May 24, 1998 and January 1, 2005 when the person did not engage in any line-driving duties for AARTMAN "  For purposes of this

settlement, all individuals who fall within this definition is/are defined as
"Plaintiff(s) "  Aartman will determine who is defined as a Plaintiff  For the
purpose of this settlement, the "Class Period" shall be defined as May 24,
1998 – January 1, 2005

III    INVESTIGATION IN THE CLASS ACTION

          The Parties have conducted significant investigation of the
facts and law during the prosecution of these Actions   Such investigations
have included, *inter alia*, the exchange of information pursuant to
discovery, numerous meetings and conferences between representatives of
the Parties, depositions, and interviews of numerous potential witnesses
Counsel for the Parties have further investigated the applicable law as
applied to the facts discovered regarding the alleged claims of Plaintiffs and
potential defenses thereto, and the damages claimed by Plaintiffs   In
pertinent part, the investigation has yielded the following   The gist of the
Actions is that Aartman has failed to pay the Plaintiffs overtime as allegedly
required by law and that Aartman has made allegedly improper deductions
from employee paychecks relating to uniform expenses   Plaintiffs are
demanding various amounts for wages, penalties, interest, attorneys' fees,
and other damages   Aartman contends the Plaintiffs are exempt from
federal and California state overtime requirements by virtue of one or more
exemptions and/or exclusions recognized under federal and California law
After investigation, counsel for Plaintiffs ("Plaintiffs' Counsel") have
concluded that some of the Plaintiffs may have been, for at least some part
of the Class Period, exempt from overtime requirements under federal
and/or California state law, but do not believe all of the Plaintiffs are and/or

were for the entire Class Period exempt from overtime requirements under federal and/or California state law   Plaintiffs' counsel has also concluded that Aartman possesses strong defenses to claims that money was unlawfully deducted from employee paychecks for employee uniforms

## IV    BENEFITS OF SETTLEMENT TO CLASS MEMBERS

Named Plaintiffs recognize the expense and length of continued proceedings necessary to continue the litigation against Aartman through trial and through any possible appeals   Named Plaintiffs have also taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation   Named Plaintiffs are also aware of the burdens of proof necessary to establish liability for the claims asserted in the Action (the "Claims" or "Class Action Claims"), Aartman's defenses thereto, and the difficulties in establishing damages for the Plaintiffs   Named Plaintiffs have also taken into account the extensive settlement negotiations conducted, which negotiations ended in an agreement and terms sheet that forms the basis for this Stipulation   Based on the foregoing, Named Plaintiffs have determined that the Settlement set forth in this Agreement is a fair, adequate and reasonable settlement, and is in the best interests of the Plaintiffs

## V    AARTMAN'S REASONS FOR SETTLEMENT

Aartman has concluded that any further defense of this litigation would be protracted and expensive for all Parties   Substantial amounts of time, energy and resources of Aartman have been and, unless

this Settlement is made, will continue to be devoted to the defense of the claims asserted by Plaintiffs   Aartman has, therefore, agreed to settle in the manner and upon the terms set forth in this Agreement to put to rest the Claims as set forth in the Class Actions

VI   AARTMAN'S DENIALS OF WRONGDOING

Aartman has denied and continues to deny each of the claims and contentions alleged by Plaintiffs in the Actions   Aartman has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Actions   Aartman also has denied and continues to deny, *inter alia*, the allegations that the Plaintiffs have suffered damage, that Aartman misclassified any of the Plaintiffs as exempt from overtime, that Aartman failed to pay any of the Plaintiffs for all overtime to which they were entitled, that Aartman engaged in any unlawful, unfair or fraudulent business practices, that Aartman unlawfully deducted money from employee paychecks for uniform expenses, that Aartman engaged in any wrongful conduct as alleged in the Actions, or that the Plaintiffs were harmed by the conduct alleged in the Action   Neither this Agreement, the Terms Sheet drafted at the time that settlement was agreed to, nor any document referred to or contemplated herein, nor any action taken to carry out this Agreement, is, may be construed as, or may be used as an admission, concession or indication by or against Aartman of any fault, wrongdoing or liability whatsoever

VII   <u>PLAINTIFFS' CLAIMS</u>

Plaintiffs have claimed and continue to claim that the Released Claims (as defined below) have merit and give rise to liability on the part of Aartman   Neither this Agreement nor any documents referred to herein, or any action taken to carry out this Agreement is, or may be construed as or may be used as an admission by or against the Plaintiffs or Class Counsel as to the merits or lack thereof of the claims asserted, except as to the Released Claims of the Class Members

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among the Named Plaintiffs on behalf of the Plaintiffs on the one hand, and Aartman on the other hand, and subject to the approval of the District Court, that the Class Actions are hereby being compromised and settled pursuant to the terms and conditions set forth in this Agreement and that upon the Effective Date (as defined below) the Class Actions shall be dismissed with prejudice, subject to the recitals set forth hereinabove which by this reference become an integral part of this Agreement and subject to the following terms and conditions

1      "<u>Effective Date</u>"   As used in this Settlement, "Effective Date" means the date by which this Settlement is finally approved as provided herein and the District Court's Final Judgment ("Final Judgment" or "Judgment") becomes final   For purposes of this paragraph, the District Court's Final Judgment "becomes final" upon the latter of  (i) the date of final affirmance on an appeal of the Final Judgment, (ii) the expiration of the time for a petition for a writ of certiorari to review the Final Judgment

and, if certiorari be granted, the date of final affirmance of the Final Judgment following review pursuant to that grant, (iii) the date of final dismissal of any appeal from the Final Judgment or the final dismissal of any proceeding on certiorari to review the Final Judgment, or (iv) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the District Court's Final Judgment

2    Full Investigation   Named Plaintiffs have fully investigated the factual and legal bases for the causes of action asserted in the Class Actions   Aartman has denied that it misclassified the Plaintiffs as exempt from overtime laws or failed to pay Plaintiffs for all overtime due As a result of their investigation, Named Plaintiffs continue to believe that Aartman misclassified at least some of the Plaintiffs and unlawfully failed to pay them overtime between May 24, 1998 to January 1, 2005   Given the disagreement between the Parties as to the viability of the claims raised by the Named Plaintiffs in the Class Actions, the Parties believe the Settlement provided for herein is a fair, adequate, and reasonable settlement

3    Release As To All Class Members   As of the Effective Date, the Class Members, including the Named Plaintiffs, release Aartman and each of their past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys and each of their company-sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents (the "Released Parties"), from the "Released Claims "  For

purposes of this Agreement, the "Released Claims" are defined as

       a     all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever,

       b     known or unknown, asserted or that might have been asserted,

       c     whether in tort, contract, or for violation of any state or federal constitution, statute, rule or regulation, including state wage and hour laws,

       d     whether for economic damages, non-economic damages, restitution, penalties or liquidated damages,

       e     arising out of, relating to, or in connection with

Any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that Aartman did not comply with all state wage and hour laws, including claims  (a) that Aartman did not pay the Plaintiffs all amounts due for work that was performed by the Plaintiffs for Aartman, (b), and/or that Aartman owes wages, penalties, interest, attorneys' fees or other damages of any kind based on a failure to comply with any state wage and hour laws, at

> any times on or before the last day of
> the Class Period (whether based on
> California state wage and hour law,
> contract, or otherwise), and/or

> the causes of action asserted in the
> Class Actions, including any and all
> claims for alleged failure to pay
> overtime pursuant to state law, federal
> law, or contract, and, as related to the
> foregoing, for alleged unlawful,
> unfair and/or fraudulent business
> practices under California Business
> and Professions Code § 17200, et seq

The Released Claims include any unknown claims that the

Class Members do not know or suspect to exist in their favor at the time of

the release, which, if known by them, might have affected their settlement

with, and release of, the Released Parties or might have affected their

decision not to object to this Settlement   With respect to the Released

Claims, the Class Members stipulate and agree that, upon the Effective

Date, the Class Members shall be deemed to have, and by operation of the

Final Judgment shall have, expressly waived and relinquished, to the fullest

extent permitted by law, the provisions, rights and benefits of Section 1542

of the California Civil Code, or any other similar provision under federal or

state law, which Section provides

> A general release does not extend to
> claims which the creditor does not
> know or suspect to exist in his favor
> at the time of executing the release,
> which if known by him must have
> materially affected his settlement with

the debtor

The Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts

The Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Claims

4    <u>Release As to All Settlement Class Members</u>  As of the Effective Date, all Settlement Class Members, including the Named Plaintiffs, in addition to releasing the Released Parties from the Released Claims as outlined in subsection 3, release the Released Parties from the "Released Federal Claims " For purposes of this Agreement, the "Released Federal Claims" are defined as

a    all claims, demands, rights, liabilities, and causes

of action of every nature and description whatsoever,

        b     known or unknown, asserted or that might have been asserted,

        c     whether in tort, contract, or for violation of any state or federal constitution, statute, rule or regulation, including federal wage and hour laws,

        d     whether for economic damages, non-economic damages, restitution, penalties or liquidated damages,

        e     arising out of, relating to, or in connection with

        any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that Aartman did not comply with all federal wage and hour laws, including the Fair Labor Standards Act, as well as claims (a) that Aartman did not pay the Plaintiffs all amounts due for work that was performed by the Plaintiffs for Aartman, and/or

        the causes of action asserted in the Class Actions, including any and all claims for alleged failure to pay overtime

The Released Federal Claims include any unknown claims that the Settlement Class Members do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this Settlement With respect to the Released Federal Claims, the Settlement Class Members stipulate and agree that, upon the Effective Date, the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which Section provides

> A general release does not extend to
> claims which the creditor does not
> know or suspect to exist in his favor
> at the time of executing the release,
> which if known by him must have
> materially affected his settlement with
> the debtor

The Settlement Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Federal Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Federal Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or

coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts

The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Federal Claims

5    General Release By Named Plaintiffs Only   In addition to the releases made in Paragraphs 3 and 4 hereof, the Named Plaintiffs, as of the Effective Date, make the additional following general release of all claims, known or unknown

a    The Named Plaintiffs release the Released Parties from all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Parties committed or omitted prior to the execution hereof  (The release set forth in this Paragraph 5 shall be referred to hereinafter as the "General Release")

b    The General Release includes any unknown claims the Named Plaintiffs do not know or suspect to exist in their favor at the time of the General Release, which, if known by them, might have affected

their settlement with, and release of, the Released Parties by the Named Plaintiffs or might have affected their decision not to object to this Settlement or the General Release

        c     With respect to the General Release, the Named Plaintiffs stipulate and agree that, upon the Effective Date, the Named Plaintiffs shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor

        d     The Named Plaintiffs may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the General Release, but the Named Plaintiffs upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the claims released pursuant to the General Release whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the

subsequent discovery or existence of such different or additional facts

6    Settlement Fund   The term "Settlement Fund" shall refer to the funds that Aartman will distribute to Settlement Class Members and Plaintiffs' counsel in accordance with Paragraph 8 below   The Settlement Fund has a maximum possible value of $375,000 (Three Hundred Seventy Five Thousand Dollars and No Cents)   It does not include the employer's share of applicable payroll taxes or costs of administration

7    Allocation of Settlement Fund   The Settlement Fund shall be allocated among these elements   (a) the total payments to the Settlement Class Members of the Gross Settlement Amounts less deductions as explained in paragraph 8 below (the potential total Gross Settlement Amounts shall collectively be referred to as the "Payout Fund"), (b) the Fees Award (as hereinafter defined) to Class Counsel, (c) the Costs Award (as hereinafter defined), and (d) The Incentive Awards to the Named Plaintiffs (as hereinafter defined)

8    Plan of Allocation for Payment to Settlement Class Members   Within fifteen (15) days after the Effective Date, and solely for purposes of this Settlement, Aartman shall pay the Settlement Awards (as hereinafter defined) to the Settlement Class Members in accordance with the following eligibility and settlement formula requirements

a    Excluded from becoming Settlement Class Members are those Plaintiffs who submit valid and timely requests for exclusion pursuant to the terms and procedures of the Notice of Pendency

and Settlement of Class Action, Settlement Hearing, and Claim, Consent, and Exclusion Procedures (attached as Exhibit 1 hereto)

        b     All Class Members will be eligible to submit a claim for a "Settlement Award" (as defined below)   If a Class Member submits a timely and properly completed Claim Form/FLSA Consent Form ("Claim Form") (attached as Exhibit 2 hereto) then the Class Member will be a "Settlement Class Member "  Aartman will pay Settlement Awards to all Settlement Class Members   The Gross Settlement Amounts payable to the Settlement Class Members will be calculated by determining the number of full weeks worked by each Settlement Class Member between May 24, 1998 and January 1, 2005, excluding any weeks worked by any Settlement Class Member during a quarter when the Settlement Class Member performed any line-driving duties for AARTMAN   The total number of full weeks worked by the Settlement Class Members will be added together ("Total Weeks Worked ")  The number of weeks worked by each Settlement Class Member, excluding any weeks worked by the Settlement Class Member during a quarter when the Settlement Class Member performed any line-driving duties for AARTMAN, will be divided by the Total Weeks Worked, resulting in a payout ratio for each Settlement Class Member ("Payout Ratio")  The Gross Settlement Amount to each Settlement Class Member will be determined by multiplying an individual's Payout Ratio by the Payout Fund ("Gross Settlement Amount")   The records of Aartman showing the number of weeks worked by each Plaintiff will be dispositive

        c     From each Settlement Class Member's Gross Settlement Amount, payroll deductions will be made for state and federal

withholding taxes and any other applicable payroll deductions owed by the Settlement Class Member as a result of the payment, resulting in a "Net Settlement Amount "  The Net Settlement Amount that will be paid to each Settlement Class Member is the Settlement Class Member's "Settlement Award "  Aartman shall pay the employer's share of any applicable payroll taxes

9    Prospective Employment Practices   As noted above, Aartman believed and believes that all of its drivers were properly classified as exempt from overtime pursuant to state and federal law   However, the Parties desire to eliminate future disputes as to these issues and consequently the Parties have agreed as follows

a    As of January 1, 2005, Aartman will classify all drivers who it believes are not reasonable likely to engage in interstate transportation as not exempt for purposes of FLSA overtime wages

b    Except as set forth in the preceding paragraph in this Section 9, Aartman is not obligated by virtue of this Settlement Agreement to make any particular changes from Exempt to non-Exempt status

c    To the extent Aartman makes any changes from Exempt to non-Exempt status, Aartman may later change the employees to Exempt status based on any relevant changes or clarifications to California state law, Federal law, or administrative interpretation

10     Fees Award and Incentive Award

a     Jerry Budin of the Law Offices of Jerry Budin ("Plaintiffs' Counsel" or "Class Counsel") shall seek an award of attorneys' fees ("Fees Award") of $112,500 (One Hundred Twelve Thousand Five Hundred Dollars and No Cents), constituting thirty percent (30%) of the value of the Settlement Fund   Class Counsel shall also seek an award for actual costs incurred in the pursuit of this action ("Costs Award")   Plaintiffs' Counsel shall not be permitted to petition the Court for, or accept, any additional payments for fees, costs or interest and the Fees Award shall be for all claims for attorneys' fees and costs past, present and future incurred in the Actions   Aartman will not oppose the request for fees and costs

b     The Fees Award and Costs Award shall be paid by Aartman from the Settlement Fund to the Plaintiffs' counsel within fifteen (15) calendar days after the Effective Date

c     Aartman's payment of the Fees Award and Costs Award to the Plaintiffs' counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in the Action incurred by any attorney on behalf of Named Plaintiffs and the Class Members, and shall relieve Aartman, the Claims Administrator, the Settlement Fund, and Aartman's Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim

to be entitled on behalf of Named Plaintiffs and the Class Members

          d     Class Counsel will apply for incentive awards to the Named Plaintiffs in amounts not to exceed $10,000 (Ten Thousand Dollars) for Vasquez and $10,000 (Ten Thousand Dollars) for Hernandez ("Incentive Awards") to be paid by the Plaintiffs to the Named Plaintiffs for their time and effort spent pursuing the Action   The Incentive Awards shall be paid out of and deducted from the Settlement Fund, and for administrative purposes shall be paid in the form of a check from Aartman or the Claims Administrator   Aartman and the Plaintiffs agree not to oppose such an application, so long as it is consistent with the provisions of this Agreement   Any Incentive Awards shall be paid to Class Counsel within fifteen (15) days of the Effective Date   The Named Plaintiffs shall receive a Settlement Award from Aartman in addition to these Incentive Awards from the Plaintiffs   The Named Plaintiffs' Incentive Awards will not be treated as wages for withholding purposes   The Named Plaintiffs will receive 1099 forms related to the Incentive Awards    If at some future date it should be claimed or determined that any tax withholding should have been made by Aartman or tax payment made by Named Plaintiffs resulting from or relating to the settlement of this case, Named Plaintiffs agree to be solely liable for and pay all taxes, penalties, and assessments   Named Plaintiffs also agree to indemnify and hold Aartman harmless from any costs, penalties, and assessments to which Aartman may be subject to by reason of its payment in settlement of this case

          e     If Aartman fails to pay any amounts due under this Agreement within the times allowed, then Aartman will be obligated to pay

6% per annum interest on the past due amounts, running from the due date
(s) for the past due amounts

11   Responsibilities of Aartman   Aartman shall

a       Pay either, at its election  (1) Jerry N  Budin, Esq
$5,000 to administer the settlement of this claim, or (2) an alternative
Claims Administrator for costs and expenses of administering this
Settlement after the Claims Administrator has submitted bills to Aartman
and those bills have been approved by Aartman,

b       Pay, or cause the Claims Administrator to pay, the
Incentive Awards to the Named Plaintiffs within 15 calendar days after the
Effective Date,

c       Pay, or cause the Claims Administrator to pay, the
Fees Award within 15 calendar days after the Effective Date,

d       Provide, after the execution of this Stipulation, the
Claims Administrator and Class Counsel with "Database Reports" showing
each Plaintiff's name, address, employee or social security number,

e       Pay, or cause the Claims Administrator to pay, the
Settlement Awards to the Settlement Class Members in accordance with the
terms of this Agreement,

### 12   Operation of the Settlement Fund

a       At no time shall Aartman have the obligation to segregate the funds comprising the Settlement Fund from its other assets and will retain exclusive authority over, and responsibility for, those funds

b       Either Aartman or the Claims Administrator, as determined by Aartman, will calculate the net amounts to be paid to the Settlement Class Members from the Payout Fund in accordance with the terms and provisions of this Agreement

c       Either Aartman or the Claims Administrator, as determined by Aartman, shall have the authority and obligation to make payments, credits and disbursements, including payments and credits in the manner set forth herein, to Settlement Class Members from the Payout Fund calculated in accordance with the methodology set out in this Agreement and orders of the Court

d       Either Aartman or the Claims Administrator, as determined by Aartman, shall make all proper payments, disbursements and credits from the Settlement Fund

e       The Parties do not believe there are any tax return filing requirements pursuant to this Agreement   However, to the extent any tax returns must be filed, either Aartman or the Claims Administrator, as determined by Aartman, shall also cause to be timely and properly filed all informational and other tax returns, if any, necessary with respect to the

Settlement Fund Such returns shall be consistent with this paragraph The parties do not believe that the operation of the Settlement Fund will generate any taxable income, as no segregated Settlement Fund will be created However, if any taxable income is generated by the Settlement Fund, in all events the tax returns filed shall reflect that all taxes payable on the taxable income of the Settlement Fund, if any, shall be paid by Aartman Any expenses consisting of the expenses and costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, reasonable expenses of tax attorneys, accountants or other designees retained by Aartman and/or the Claims Administrator as required for the preparation and filing of tax returns described in this paragraph) shall be treated as, and considered to be, a cost of administration of the Settlement and paid by Aartman

              f    No person or entity, including Aartman, Aartman's Counsel, the Named Plaintiff, Plaintiffs, Class Members, Plaintiffs' Counsel or the Claims Administrator shall have any claim against Aartman, Aartman's Counsel, the Named Plaintiff, Plaintiffs, Class Members, Plaintiffs' Counsel or the Claims Administrator based on distributions and payments made in accordance with this Agreement

              g    The maximum amount Aartman can be required to pay under this Settlement for any purpose is the amount of the Settlement Fund and the cost of the Claims Administrator, plus its share of any applicable payroll taxes

           13    <u>No Injunctive Relief</u>  As part of this Settlement,

Aartman shall not be required to enter into any consent decree, nor shall Aartman be required to agree to any provision for injunctive relief

14 Provisions Relating to Uniforms  As part of this Settlement, Aartman agrees to provide a Spanish language version of its Uniform Policy  Aartman also agrees that it will revise its Uniform Policy to include a clear statement that employees are not required to wear uniform pants

15 Notice/Approval of Settlement and Settlement Implementation  As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary District Court approval of the Settlement, certifying a Settlement Class, notifying Class Members, obtaining final District Court approval of the Settlement and processing the settlement payments

a Preliminary Settlement Hearing  Plaintiffs shall request a hearing before the District Court to request preliminary approval of the Settlement and to request the entry of the order for certification of the Settlement Class ("Preliminary Approval Order" or "Order") (attached as Exhibit 3 hereto)  In conjunction with this hearing, Plaintiffs will submit this Agreement, which sets forth the terms of this Settlement, and will include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement

b Certification of Settlement Class  Simultaneous with the filing of the Stipulation of Settlement and solely for purposes of

this Settlement, Plaintiffs will request the District Court to enter the Preliminary Approval Order substantially in the form of Exhibit 3 hereto, preliminarily approving the proposed Settlement, forming the Settlement Class and setting a date for a Settlement Hearing to determine final approval of the Settlement   The Order shall provide for notice of the Settlement and related matters to be sent to Class Members as specified herein

    c <u>Notice to Class Members</u>   Notice of the Settlement shall be provided to Class Members, and Class Members shall submit objections to the Settlement and/or requests for exclusion from the Class, using the following procedures

    (1) <u>Claims Administrator</u>   Gilardi & Co , located at 1115 Magnolia Ave, Larkspur, California, 94939, telephone  (415) 461-0410 (hereinafter "Gilardi"), or such other entity upon whom the Parties mutually agree, shall be retained to serve as Claims Administrator   Subject to Aartman's exercise of its discretion to do these tasks itself as set forth in Paragraphs 11 and 12, the Claims Administrator shall be responsible for preparing, printing and mailing the Notice (attached as Exhibit 1 hereto) and the Claim Form (attached as Exhibit 2 hereto) as directed by the Court to the Class Members, receiving and reviewing the Claim Forms submitted by Class Members to determine eligibility for payment as a Settlement Class Member and the amount of any such payment, along with the amount of all payroll tax deductions to be withheld, keeping track of opt outs, drafting and mailing Settlement Award checks to

Settlement Class Members, and for such other tasks as the
Parties mutually agree or the District Court orders the Claims
Administrator to perform  The Parties each represent they do
not have any financial interest in Gilardi or otherwise have a
relationship with Gilardi that could create a conflict of interest
Aartman shall be responsible for paying all agreed Claims
Administrator's Administration Fees upon presentation of
invoices by the Claims Administrator  Aartman shall also be
responsible for paying over to the Claims Administrator at such
times as requested by the Claims Administrator those amounts
necessary to enable the Claims Administrator to pay Settlement
Class Members, if those payments are made by the Claims
Administrator rather than Aartman


(2)   <u>Notice By First-Class Mail</u>  Within 30 days after entry
of the Preliminary Approval Order as provided herein, the
Claims Administrator shall send a copy of a Notice of
Pendency and Settlement of Class Action, Settlement Hearing,
and Claim, Consent, and Exclusion Procedures ("Notice")
(attached as Exhibit 1 hereto ), together with a Claim Form
(attached as Exhibit 2 hereto), to all Class Members via First
Class regular U S  mail, using the most current mailing address
information for Class Members as provided by Aartman to the
Claims Administrator from Aartman's payroll records   Any
Notices returned to the Claims Administrator as non-delivered
before the Objection/Exclusion Deadline Date specified below,
shall be sent to the forwarding address affixed thereto  If no

forwarding address is provided, then Aartman (or the Claims Administrator) shall promptly attempt to determine a correct address using a single computer or other search using the social security number of the individual involved   In the event the procedures in this paragraph are followed and the intended recipient of a Notice still does not receive the Notice, the intended recipient shall remain a Class Member and will be bound by all terms of the Settlement and any Final Judgment entered by the District Court if the Settlement is approved by the District Court   In the event the procedures in this paragraph are followed and a Class Member does not ultimately return a Claim Form/FLSA Consent Form, the Class Member shall remain a Class Member and will be bound by all terms of the Settlement and any Final Judgment entered by the District Court if the Settlement is approved by the District Court, so long as the Class Member does not properly and timely indicate that he or she wishes to be excluded from the Class   At the direction of Aartman, the Claims Administrator shall send additional Notices and correspondence to any Class Member that did not respond to the initial Notice

16   Procedure for Objecting to or Requesting Exclusion From Class   Action Settlement

a   Procedure for Objecting   The Notice shall provide that Class Members/Settlement Class Members who wish to object to the Settlement must file with the District Court and serve on counsel for the

Parties a written statement objecting to the Settlement Such written statement must be filed with the District Court and served on counsel for the Parties no later than thirty (30) days after the date the Notice is first mailed (the "Objection/Exclusion Deadline Date") No Class Members/Settlement Class Members shall be entitled to be heard at the final Settlement Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Members/Settlement Class Members shall be received or considered by the District Court at the Settlement Hearing, unless written notice of the Class Members'/Settlement Class Members' intention to appear at the Settlement Hearing, and copies of any written objections or briefs, shall have been filed with the District Court and served on counsel for the Parties on or before the Objection/Exclusion Deadline Date Class Members/Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement

                 b     Procedure for Requesting Exclusion The Notice shall provide that Class Members who wish to exclude themselves from the Class must submit a written statement requesting exclusion from the Class on or before the Objection/Exclusion Deadline Date Such written request for exclusion must contain the name, address, telephone number and Social Security number of the person requesting exclusion and the location and years of his or her employment by Aartman, must be returned by mail to the Claims Administrator at a specified address and must be postmarked on or before the Objection/Exclusion Deadline Date The date of the postmark on

the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted Any Plaintiff who opts out of the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon Class Members who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline Date shall be bound by all terms of the Settlement and any Final Judgment entered in this Class Actions if the Settlement is approved by the District Court, regardless of whether they have requested exclusion from the Settlement Class Members who fail to submit a Claim Form/FLSA Consent Form that is approved for payment under the terms of this Stipulation, and as such are not Settlement Class Members, will remain a Class Member and shall be bound by all terms of the Settlement and any Final Judgment entered in the Class Actions, even though he or she will receive no Settlement Award, so long as he or she does not timely and properly request to be excluded from the Settlement No later than five court days before the Settlement Hearing, the Claims Administrator shall provide Aartman's Counsel and Plaintiffs' Counsel with a complete list of all Class Members who have timely requested exclusion from the Class, along with the number and gross settlement amount of valid Claim Forms received

17    No Solicitation of Settlement Objections or Exclusions
The Parties agree to use their best efforts to carry out the terms of this Settlement At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Settlement Class Members to submit written objections to the Settlement or requests for exclusion from the Settlement

Class, or appeal from the District Court's Final Judgment

18    Option to Terminate Settlement   If, after the
objection/Exclusion Deadline Date and before the Settlement Hearing
referenced in paragraph 19 below, persons who otherwise would be
members of the Settlement Class have filed timely requests for exclusion
from the Settlement Class in accordance with paragraph 16(b) above, and
the collective weeks worked by such persons constitute more than 5% of the
total number of weeks worked by Plaintiffs, Aartman shall have, in its sole
discretion, the option to terminate this Settlement   Additionally, Aartman
shall have the right to terminate this Settlement if more than 20% of the
Plaintiffs fail to submit a Claim Form/FLSA Consent Form that is approved
for payment under the terms of this Stipulation

19    Final Settlement Approval Hearing and Entry of Final
Judgment   Upon expiration of the Objection/Exclusion Deadline Date, with
the District Court's permission, a Settlement Hearing shall be conducted to
determine final approval of the Settlement along with the amount properly
payable for (i) attorneys' fees and costs, (ii) Incentive Awards, and (iii) cost
of administration   Upon final approval of the Settlement by the District
Court at or after the Settlement Hearing, the Parties shall present a Final
Judgment ("Final Judgment") to the District Court for its approval   After
entry of the Final Judgment, the District Court shall have continuing
jurisdiction solely for purposes of addressing (i) settlement administration
matters and (ii) such post-Final Judgment matters as may be appropriate
under court rules or as set forth in this Agreement

20    Procedure for Payment of Settlement Awards   Except for Plaintiffs who submit valid and timely requests for exclusion as provided herein, all Settlement Class Members who have submitted a valid and timely Claim Form will receive a Settlement Award from Aartman, distributed by Aartman or through the Claims Administrator   A Plaintiff who submits a valid and timely request for exclusion will not receive a Settlement Award, even if they submit a Claim Form   The Claim Form shall include instructions on how to submit the form, and shall notify Class Members that the Claim Form must be completed, signed and returned by mail no later than sixty (60) days after the date the Claim Form was mailed (the "Claim Deadline") for a Class Member to be eligible to receive any Settlement Award, unless AARTMAN agrees to accept the late claim   The date of the postmark on the return envelope shall be the exclusive means used to determine whether a Class Member has "timely" returned his/her Claim Form on or before the Claim Deadline   Claim Forms received by the Claims Administrator that have been postmarked after the Claim Deadline shall be disregarded   For purposes of this Agreement, a Claim Form shall be deemed "valid" only if   (1) the Class Member has provided on the Claim Form his or her name, social security number and telephone number, (2) the Class Member has dated and signed the Claim Form, and (3) the name and social security number provided by the Class Member on the Claim Form match Aartman's records as provided to the Claims Administrator   If a Class Member's Claim Form is defective as to any of these three requirements, the Class Member shall be given an opportunity to cure the defect(s)   Any such Claim Form shall be returned to the Class Member, who will be informed of the defect(s)   The Class Member will be given twenty (20) days from the date the Claim Form was mailed back to the Class

Member within which to cure the defect(s) and return the Claim Form to the Claims Administrator   The Class Member shall be given the full twenty days to cure the defect even if a portion of that amount of time exceeds the sixty day period   If the revised Claim Form is not postmarked within that twenty-day period, it shall be deemed untimely and the claim will be rejected   The name and social security number provided by the Class Member will be deemed to match Aartman's records only if   (1) both the first name and the last name and the Social Security number provided by the Class Member match Aartman's records, (2) the first name and the social security number provided by the Class Member match Aartman's records and it appears the last name has been changed as a result of a change in marital status, (3) the social security number and last name matches Aartman's records and the first name provided is either a nickname or a shortened or lengthened version of the name that appears in Aartman's records   Although Class Members who do not submit a valid and timely Claim Form shall not receive a Settlement Award, such persons shall nonetheless be members of the Class and will be bound by all terms of the Settlement and any Final Judgment entered in the Class Actions if the Settlement is approved by the District Court   After the conclusion of the defect cure period, the Claims Administrator will send a Notice of Denied Claim form to any Class Member who had submitted a Claim Form that was not timely and/or not valid, stating the reason the claim was denied   Settlement Awards for Settlement Class Members shall be paid pursuant to the settlement formula set forth herein within fifteen (15) days after the Effective Date   Aartman's and the Claims Administrator's determination of eligibility for, and the amounts of, any Settlement Awards under the terms of this Agreement, shall be conclusive, final and binding on all Parties,

including all Settlement Class Members, subject to review by Plaintiffs'
Counsel and the Court, if necessary Any checks paid to Settlement Class
Members shall remain valid and negotiable for one hundred eighty (180)
days from the date of their issuance and may thereafter automatically be
canceled if not cashed by a Settlement Class Member within that time, at
which time the Settlement Class Member's claim will be deemed void and of
no further force and effect Any balance remaining in any bank account
created by the Claims Administrator shall be distributed on a pro rata basis
to the other Settlement Class Members Administration of the Settlement
shall be completed on or before the date two hundred seventy (270) days
after the Effective Date Upon completion of administration of the
Settlement, either Aartman or the Claims Administrator shall provide
written certification of such completion to the District Court and Plaintiffs'
Counsel

21    Claims Administration Costs All of Aartman's own
legal fees, costs and expenses incurred in this Action shall be borne by
Aartman Aartman shall also pay for the cost of any Claims Administrator
The Parties agree to cooperate in the Settlement administration process and
to make all reasonable efforts to control and minimize the costs and
expenses incurred in administration of the Settlement

22    Nullification of Settlement Agreement In the event (i)
the District Court does not enter the Order specified herein, (ii) the District
Court does not finally approve the Settlement as provided herein, (iii) the
District Court does not enter a Final Judgment as provided herein which
becomes final as a result of the occurrence of the Effective Date, or (iv) the

Settlement does not become final for any other reason, this Settlement Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void *ab initio* In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any fees already incurred by the Claims Administrator shall be paid for by Aartman and shall not be repaid to Aartman In the event an appeal is filed from the District Court's Final Judgment, or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review

23   Appraisal and Certification By Claims Administrator
The Claims Administrator shall keep Aartman, Aartman's counsel and Plaintiffs' Counsel apprised of all distributions from the Settlement Fund (to the extent the Claims Administrator is responsible for any such distribution) and upon completion of administration of that portion of the Settlement, the Claims Administrator shall provide written certification of such completion to the District Court and counsel for all Parties

24   Privacy of Documents and Information   Plaintiffs and their counsel agree that none of the documents and information provided to them by Aartman shall be used for any purpose other than prosecution of the Class Actions   The protective order entered into by the parties shall remain in effect throughout the completion of the settlement and following the

conclusion of the settlement and the dismissal of this matter

25     No Effect on Employee Benefits   The Settlement
Awards paid to the Named Plaintiff or other Settlement Class Members
shall be deemed not to be pensionable earnings and shall not have any effect
on the eligibility for, or calculation of, any of the employee benefits (e g ,
vacations, holiday pay, retirement plans, etc ) of the respective Named
Plaintiff or Settlement Class Members   The Parties agree that any
Settlement Awards to Settlement Class Members under the terms of this
Agreement do not represent any modification of Settlement Class Members'
previously credited hours of service or other eligibility criteria under any
employee pension benefit plan or employee welfare benefit plan sponsored
by Aartman   Further, any Settlement Awards or Incentive Awards
hereunder shall not be considered "compensation" in any year for purposes
of determining eligibility for, or benefit accrual within, an employee
pension benefit plan or employee welfare benefit plan sponsored by
Aartman

26     Publicity   From and after the execution of this
Agreement, the Named Plaintiff and Plaintiffs' Counsel may  (1) in response
to specific questions from Plaintiffs, (2) as required by law, or (3) as
required under the terms of this Agreement, comment regarding the specific
terms of this Agreement   In all other cases, the Named Plaintiffs and
Plaintiffs' Counsel agree to limit their statements regarding the terms of this
Agreement, whether oral, written or electronic (including the world wide
web), to say the Class Actions have been resolved and that Named Plaintiffs
and Plaintiffs' Counsel are satisfied with the settlement terms   Neither the

Named Plaintiffs, Plaintiffs nor Plaintiffs' Counsel shall hold any press conference related in any way to the Settlement This paragraph only applies to the terms of the Agreement and does not preclude Named Plaintiffs and Plaintiffs' Counsel from referring others to the Court file

27   No Admission By the Parties Aartman and the Released Parties deny any and all claims alleged in the Class Actions and deny all wrongdoing whatsoever This Agreement is not a concession or admission, and shall not be used against Aartman or any of the Released Parties as an admission or indication with respect to any claim of any fault, concession or omission by Aartman or any of the Released Parties Whether or not the Settlement is finally approved, neither the Settlement, the terms sheet entered into at the time that the settlement was reached, nor any document, statement, proceeding or conduct related to this Agreement, the terms sheet entered into at the time of the settlement, nor any reports or accounts thereof, shall in any event be

a   construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage, or

b   disclosed, referred to or offered or received in evidence against any of the Released Parties, in any further proceeding in the Class Actions, or any other civil, criminal or administrative action or proceeding except for purposes of settling this Class Actions pursuant to

this Agreement

28    Exhibits and Headings    The terms of this Agreement
include the terms set forth in any attached Exhibits 1-3, which are
incorporated by this reference as though fully set forth herein   Any Exhibits
to this Agreement are an integral part of the Settlement   The descriptive
headings of any paragraphs or sections of this Agreement are inserted for
convenience of reference only and do not constitute a part of this
Agreement

29    Interim Stay of Proceedings    The Parties agree to hold
all proceedings in the Class Actions, except such proceedings necessary to
implement and complete the Settlement, in abeyance pending the Settlement
Hearing to be conducted by the District Court

30    Amendment or Modification    This Agreement may be
amended or modified only by a written instrument signed by counsel for all
Parties or their successors-in-interest

31    Entire Agreement    This Agreement and any attached
Exhibits constitute the entire agreement among these Parties, and no oral or
written representations, warranties or inducements have been made to any
Party concerning this Agreement or its Exhibits other than the
representations, warranties and covenants contained and memorialized in
such documents   Except as expressly set forth herein, Aartman shall not be
required as part of the Settlement to modify or eliminate any of its
personnel, compensation or payroll practices, or adopt any new personnel,

compensation or payroll practices

32     Authorization to Enter Into Settlement Agreement
Counsel for all Parties warrant and represent they are expressly authorized
by the Parties whom they represent to negotiate this Agreement and to take
all appropriate action required or permitted to be taken by such Parties
pursuant to this Agreement to effectuate its terms, and to execute any other
documents required to effectuate the terms of this Agreement   The Parties
and their counsel will cooperate with each other and use their best efforts to
effect the implementation of the Settlement   In the event the Parties are
unable to reach agreement on the form or content of any document needed
to implement the Settlement, or on any supplemental provisions that may
become necessary to effectuate the terms of this Settlement, the Parties may
seek the assistance of the District Court to resolve such disagreement   The
persons signing this Agreement on behalf of Aartman represent and warrant
that they are authorized to sign this Agreement on behalf of Aartman

33     Binding on Successors and Assigns   This Agreement
shall be binding upon, and inure to the benefit of, the successors or assigns
of the Parties hereto, as previously defined

34     Counterparts   This Agreement may be executed in one
or more counterparts   All executed counterparts and each of them shall be
deemed to be one and the same instrument provided that counsel for the
Parties to this Agreement shall exchange among themselves original signed
counterparts

35     This Settlement is Fair, Adequate and Reasonable    The Parties believe this Settlement is a fair, adequate and reasonable settlement of the Class Actions and have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential This Settlement was reached after extensive negotiations

36     Jurisdiction of the Court    The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith

37     Cooperation and Drafting    Each of the parties has cooperated in the drafting and preparation of this Agreement   Hence, in any construction made to this Agreement, the same shall not be construed against any of the parties

38     Invalidity of Any Provision    Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable

39     Named Plaintiff's Waiver of Right to be Excluded and Object    The Named Plaintiffs agree to sign this Agreement and by signing

this Agreement are bound by the terms herein stated and further agrees not to request to be excluded from the Settlement Class and agrees not to object to any of the terms of this Agreement   Non-compliance by the Named Plaintiff with this paragraph shall be void and of no force or effect   Any such request for exclusion or objection shall therefore be void and of no force or effect   Named Plaintiffs also agree to not disparage the settlement to Plaintiffs or encourage, in any way, Plaintiffs to not submit a Claim Form or to submit a request to be excluded from the Settlement

DATED   April 8, 2005           /s/ Jorge Vasquez (original signature
                               retained by attorney)
                                    JORGE VASQUEZ
                                    NAMED PLAINTIFF

DATED   April 8, 2005
                                /s/ Ruben Hernandez (original signature
                                retained by attorney)
                                    RUBEN HERNANDEZ
                                    NAMED PLAINTIFF

                                /s/ James Aartman (original signature
DATED   April 7, 2005           retained by attorney)
                                    JIM AARTMAN, INC
                                By   JAMES AARTMAN

DATED   April 8, 2005

                  DATED   April 8, 2005

                  D     April 8, 2005
                  A                 pril 8, 2005

EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE VASQUEZ,<br>individually and on behalf of<br>all others similarly-situated,<br><br>              Plaintiffs,<br><br>vs<br><br>JIM AARTMAN, INC ,<br><br>              Defendant | CASE NO CIV F 02-5624 AWI LJO |
| RUBEN HERNANDEZ,<br>individually and on behalf of<br>all others similarly-situated,<br><br>              Plaintiffs,<br><br>vs<br><br>JIM AARTMAN, INC ,<br><br>              Defendant | CASE NO CIV F 03-5600 AWI LJO |

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

TO    All truck drivers who were employed by Jim Aartman, Inc , in California from May 24, 1998 through January 1, 2005 who were not likely to engage in interstate transportation during one or more work weeks

THIS NOTICE MAY AFFECT YOUR RIGHTS  PLEASE READ THIS NOTICE CAREFULLY

YOU ARE HEREBY NOTIFIED THAT A HEARING HAS BEEN SCHEDULED FOR _____ BEFORE THE HONORABLE LAWRENCE J O'NEILL, MAGISTRATE JUDGE FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, TO CONSIDER A PROPOSED SETTLEMENT OF THE CLAIMS THAT HAVE BEEN BROUGHT ON YOUR BEHALF

## I    INTRODUCTION

On May 24, 2002, Jorge Vasquez individually and on behalf of other truck drives, filed a lawsuit against Jim Aartman, Inc , alleging that he worked for Jim Aartman, Inc  as a truck driver and was entitled to overtime compensation for hours worked in excess of forty (40) per week, but that Jim Aartman, Inc  failed to pay him at overtime rates for those overtime hours worked  Jim Aartman, Inc  denies these allegations  On May 12, 2003, Ruben Hernandez filed a lawsuit against Jim Aartman, Inc , seeking overtime wages as well as damages for alleged unlawful uniform expense deductions

A tentative settlement of these cases has been reached  The settlement will apply to all persons who meet the following definition ("Settlement Class")

All persons who are now employed or have been employed by AARTMAN in the State of California as a truck

driver at any point between May 24, 1998 and January 1, 2005, for each and every annual quarter (i e January 1-March 31, April 1-June 30, July 1-September 30, October 1-December 31) between May 24, 1998 and January 1, 2005 when the person did not engage in any line-driving duties for AARTMAN

## The Reason You Have Received This Notice

You are believed to be a member of the Settlement Class If so, your rights will be affected because the parties have tentatively settled the lawsuits Pursuant to that tentative settlement, the Court is considering the entry and final approval of the settlement of the case By preliminary approval of the proposed settlement on _____, the Court has preliminarily determined that the lawsuit could be settled

You are hereby notified that

1    A settlement of the claims of the Settlement Class has been proposed by Plaintiffs Jorge Vasquez and Ruben Hernandez and their attorney and Defendant Jim Aartman, Inc , and their attorneys,

2    The proposed Settlement has been submitted to the Court, and has received preliminary approval,

3    If this settlement is finally approved by the court, you will obtain only the relief provided in the settlement, and you will have no further claim against Jim Aartman, Inc , for any claim occurring during the period from May 24, 1998 through January 1, 2005 that was raised or could have been raised in the Plaintiffs' complaints

4    You and any other persons in the Settlement Class have the right to object to the proposed settlement or exclude yourself by following the procedures in Parts IV-V of this notice

5    A hearing to finally approve the settlement is scheduled for _____ in Courtroom No 6, at the United States Courthouse, 1130 O Street, Fresno, California 93721

At the hearing, any member of the Class may appear and object to the proposed settlement However, no such person shall be heard at the hearing, and no papers or written briefs shall be considered, unless the procedures set forth in Part IV of this Notice have been followed You should read that part carefully Class members who do not make objections in the manner provided in Part IV of this Notice shall be deemed to have waived such objections

This notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party in these lawsuits This notice is sent for the sole purpose of informing you of the pendency of these lawsuits and the terms of the proposed settlement so that you may make appropriate decisions In the event of any conflicts between this notice and the Settlement Agreement, the terms of the Settlement Agreement shall govern

## II    NATURE OF THE LAWSUIT

In this case, the Plaintiffs have sued Jim Aartman, Inc , for nonpayment of overtime for hours worked in excess of forty in a week Additionally, Plaintiffs allege that Jim Aartman, Inc , unlawfully deducted uniform expenses from its truck drivers' paychecks Jim Aartman has denied and continues to deny all of the allegations made by the Plaintiffs

The Plaintiffs and Jim Aartman, Inc , ("the Parties") have tentatively settled these lawsuits The Settlement has received preliminary approval of the Court, subject to notice being provided to the members of the Class and final approval by the Court after a public hearing This proposed settlement is described in the next section

If you are a member of the class established by the court, you will receive such benefits, if any, as you may qualify for under the proposed Settlement and you will be forever barred from asserting any rights with respect to matters which are the subject of this case If the proposed settlement is not approved, then the offer of settlement will be deemed

withdrawn, and the case will proceed in Court as if no settlement had ever been made

## III    SUMMARY OF THE RELIEF GRANTED BY THE PROPOSED SETTLEMENT AGREEMENT

For purposes of settlement, and without admitting any liability, Jim Aartman has agreed to provide certain relief to persons in the Class  The following is only a summary of the relief contained in the proposed Settlement  In the event there are any conflicts between this Notice and the Settlement Agreement, the terms of the Settlement shall govern  For a copy of the proposed Settlement, you may contact Class Counsel, whose name, address, and telephone number are listed below in Part VI  The relief granted by the proposed Settlement Agreement is summarized as follows

1    Jim Aartman, Inc , will pay the sum ("Sum") of three hundred seventy-five thousand dollars ($375,000 00) less attorney fees and costs awarded to Class Counsel and enhancements awarded to the Plaintiffs Jorge Vasquez and Ruben Hernandez

2    In order to receive payment under this section, each class member must file a timely Claim Form, which is enclosed with this Notice

3    Jim Aartman, Inc , will pay reasonable attorneys' fees in a maximum amount not to exceed $112,500 00 and actual costs  All payments for attorneys' fees and costs will be paid from the Sum, which will reduce any payments made to you as a class member  Class Counsel will apply to the court for approval of his attorneys' fees at the hearing scheduled for _____

4    The Court will also be asked to award enhancement payments to Jorge Vasquez and Ruben Hernandez in the amount of $10,000 00 each

Based upon the equitable formula that has been devised, there will be substantial difference among Plaintiff Class members as to the amount each individual participating Plaintiff will receive in settlement  Monies paid pursuant to the Settlement are taxable  Jim Aartman, Inc , will make all lawful payroll deductions from any payments paid to Class members from the Sum as set forth in the Settlement Agreement

## IV    HEARING AND PROCEDURE FOR OBJECTING TO THE SETTLEMENT AGREEMENT

If you are satisfied with the proposed Settlement Agreement, you do not need to appear at the hearing at which the Court will consider final approval of the Settlement Agreement  If you object to the proposed Settlement Agreement, you must take the following steps (your failure to do so will be deemed a waiver of your objections)

A    ⸱ So that it is postmarked by _____, you must mail a request by first class postage to the Court at United States District Court for the Eastern District of California, Courtroom No  6, United States Courthouse, 1130 O Street, Fresno, California, 93721, to Class Counsel, Jerry Budin, Esq , Law Office of Jerry Budin, 1500 "J" Street, Modesto, CA 95354, and to Geoffrey DeBoskey, Esq , Sheppard, Mullin, Richter & Hampton, 333 South Hope Street, 48th Floor, Los Angeles, CA 90071 (Defendant's Counsel) (i) a written statement advising if you plan to address the Court at the hearing, (ii) a written statement of your objections, and (iii) any other papers which you propose to submit to the Court, including any legal briefs or memoranda  You may appear personally, or through your own counsel, paid for at your own expense

B    If you have satisfied the requirements set forth above, you have the right to address the Court at the hearing scheduled for _____ before the Honorable Lawrence J  O'NEILL, Magistrate Judge, United States District Court for the Eastern District of California, Courtroom No  6, United States Courthouse, 1130 O Street, Fresno, California 93721

## V    PROCEDURE FOR EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT AGREEMENT

Even if you do not object to the proposed Settlement Agreement, you may still exclude yourself from the proposed Settlement by taking the following steps

A       So that it is postmarked by _____, you must mail a request by first class postage to _____ if you wish to be excluded from the Settlement Agreement  The written request must contain your name, address, telephone number, Social Security number and the location and years of your employment by Jim Aartman, Inc

B       If you do not submit a Request for Exclusion, you will be bound by the Settlement Agreement, if it is approved by the Court

C       Furthermore, if you do nothing, that is if you do not submit a Claim Form and do not submit a written exclusion, you will be bound by the Settlement Agreement, but will receive no monetary compensation

## VI    CLASS COUNSEL

If you have any questions concerning the proposed Settlement Agreement, or this Notice, you may contact Class Counsel Jerry Budin, Esq , Law Office of Jerry Budin, 1500 "J" Street, Modesto, California 95354, telephone (209) 544-3030

PLEASE DO NOT TELEPHONE OR CONTACT THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS

EXHIBIT C

# United States District Court, Eastern District of California, Fresno Division

Jorge Vasquez v Jim Aartman, Inc
Ruben Hernandez v Jim Aartman, Inc

Case No. CIV F 02-5624 AWI LJO
Case No CIV F 03-5600 AWI LJO

## CLAIM FORM/FLSA CONSENT FORM

COMPLETE, SIGN AND MAIL TO

Class Counsel Jerry Budin, Esq
Law Office of Jerry Budin
1500 "J" Street
Modesto, CA 95354

Must be Postmarked or Hand-Delivered No Later Than _____

**YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS CLAIM FORM
TO SHARE IN THE MONETARY RECOVERY FROM JIM AARTMAN, INC**

(1) Please type or print the following identifying information

Name _____

Address _____

City, State, Zip _____  Social Security Number _____

Telephone Number (Work) _____  Telephone Number (Home) _____

(2) My best estimate of the time that I was employed by Jim Aartman, Inc as a truck driver, between May 24, 1998 to January 1, 2005, is as follows

| Location | Beginning Date | End Date |
|---|---|---|
| | | |

(3) By signing below, I understand that I am agreeing to a full and complete release of Jim Aartman, Inc, including its officers, directors and owners, for any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions, lawsuits or causes of action whatever kind or nature, whether known or unknown, liquidated or unliquidated, that I might have, arising out of or in any way related to these actions, including but not limited to any and all claims for unpaid wages, worked overtime, waiting time penalties, and unlawful uniform deductions under both federal and state law

I further understand that I am waiving all rights and benefits afforded to me under Section 1542 of the California Civil Code, which provides

"A general release does not extend to claims which the creditor [employee] does not know or Suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor [employer] "

X _____          _____

*(Sign your name here)*                                    Date

# CLAIM FORM INSTRUCTIONS

## COMPLETE THE ENCLOSED CLAIM FORM  IN ORDER TO BE ELIGIBLE FOR MONETARY RECOVERY

**YOU MUST COMPLETE, SIGN AND MAIL THIS CLAIM FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE _____, OR HAND-DELIVERED ON OR BEFORE THAT DATE, ADDRESSED AS FOLLOWS, IN ORDER TO BE ELIGIBLE TO RECEIVE A RECOVERY.**

## MAIL OR HAND-DELIVER TO:

**Class Counsel Jerry Budin, Esq
Law Office of Jerry Budin
1500 "J" Street
Modesto, CA 95354**